**JIAN JIANG, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

No. 09–2152.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) March 4, 2010.

Filed: March 10, 2010.

Michael A.O. Brown, Esq., Law Office of Michael Brown, New York, NY, for Petitioner.

Sharon M. Clay, Esq., Eric H. Holder, Jr., Esq., Thomas W. Hussey, Esq., United States Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before: SLOVITER, JORDAN and GREENBERG, Circuit Judges.

OPINION

PER CURIAM.

Petitioner, Jian Jiang, seeks review of the Board of Immigration Appeals' ("BIA") final order of removal. For the

following reasons, we will deny his petition.

## I.

Jiang, a native and citizen of China, entered the United States without inspection on October 27, 2006. At a credible fear interview several days later, he told an asylum officer that he left China because he was Catholic, and Catholics are not permitted to practice their religion, attend high school or university, or earn a decent living in China. When the asylum officer asked him whether anything in particular happened to convince him to leave home, he stated as follows: "By then I figured out that I could not make a living in China. I decided to come to the Untied States. In China the work I can do only pays minimum money and I cannot make a living there." (AR 000290.)

On June 7, 2007, Jiang filed an application for asylum and related relief. At his removal hearing, Jiang testified that he had been arrested, beaten, and detained on two separate occasions for participating in an underground Catholic church. First, on November 15, 2000, security officers at his school detained him and accused him of propagating Catholicism to his classmates. According to Jiang, the officers beat him and held him for ten hours before releasing him. Next, in December 2004, local officials raided a youth church gathering he was attending, arrested him, beat him, and detained him for two days.

Jiang told the court that, after this last incident, village officials went to his home, where they discovered religious materials. At that time, officials warned Jiang's parents that if they caught him, he would be punished and imprisoned. As a result, Jiang fled to his aunt's home and arranged to leave the country.[1]

After the hearing, the IJ found that Jiang was not credible because his testimony that day was inconsistent with the testimony he gave at his 2006 credible fear interview. The IJ also found that his story was inconsistent with the background materials submitted in his case. Therefore, the IJ found that he had failed to demonstrate eligibility for asylum on the basis of either past persecution or a well-founded fear of future persecution under INA § 101(a)(42)(A). *See* 8 U.S.C. § 1101(a)(42). In light of this adverse credibility determination, the IJ also denied Jiang's applications for withholding of removal and relief under the Convention Against Torture. Upon review, the BIA adopted and affirmed the IJ's decision and dismissed the appeal. Jiang now petitions for review of the BIA's order.

## II.

We have jurisdiction to review the BIA's final order of removal pursuant to 8 U.S.C. § 1252(a)(1). *See Abdulai v. Ashcroft*, 239 F.3d 542, 548 (3d Cir.2001). When, as in this case, the BIA substantially relies on the findings of the IJ, we review the decisions of both the BIA and the IJ. *See Xie v. Ashcroft*, 359 F.3d 239, 242 (3d Cir. 2004). We review these findings, including any credibility determinations, under a substantial evidence standard. *See Cao v. Att'y Gen.*, 407 F.3d 146, 152 (3d Cir.2005). An adverse credibility finding must be upheld unless "any reasonable adjudicator would be compelled to conclude to the contrary." *Berishaj v. Ashcroft*, 378 F.3d 314, 322 (3d Cir.2004) (quoting 8 U.S.C. § 1252(b)(4)(B)).

---

1. After Jiang testified, he presented the testimony of Father Andrew Tsi, the assistant parish vicar at Jiang's church in New York, to corroborate his testimony that he practices Catholicism in this country.

On appeal, Jiang first argues that the agency's adverse credibility determination is not supported by substantial evidence. We disagree, as the record reveals important inconsistencies in Jiang's story. Most significantly, when an asylum officer interviewed Jiang in 2006, he stated that he left China because he could not earn a living there, and did not mention to the officer that he had been arrested,[2] beaten, and detained on two occasions for practicing Catholicism. Given that these arrests became the heart of his asylum claim, we cannot disagree with the BIA and IJ that this inconsistency greatly undermined Jiang's credibility. *See* 8 U.S.C. § 1252(b)(4)(B).

Jiang now argues that the BIA and IJ failed to "fairly evaluate" his explanation for this omission, which—he claims—was that he did not mention the arrests at his credible fear interview because "there were no governmental law enforcement personnel involved in the arrest, nor was there any criminal allegation lodged against him." (Br. 16–17.) This is not, however, the explanation that Jiang provided to the IJ at his removal hearing. Rather, at that time, he claimed that the reason he told the asylum officer that he had never been arrested was because the question had been asked as part of a narrower inquiry into a specific incident: "At the time I—that was asked when the, the church was being destroyed the priest and other members were not arrested and I was asked if I was also arrested and I said no." (AR 000119.) Given that the explanation Jiang proposes on appeal was never proposed to either the IJ or the BIA, we cannot agree that the BIA failed to "fairly evaluate" it.

On appeal, Jiang also challenges the BIA's decision insofar as it affirmed the IJ's determination that he failed to establish eligibility for asylum on the alternative ground that he had a well-founded fear of future persecution. In order to establish a well-founded fear of persecution, an applicant must first demonstrate a subjective fear of persecution through credible testimony that his fear is genuine. *Zubeda v. Ashcroft,* 333 F.3d 463, 469 (3d Cir.2003). Second, the applicant must show that "a reasonable person in the alien's circumstances would fear persecution if returned to the country in question." *Id.* In this case, the BIA found that Jiang had failed to make the requisite showing—apparently under the first prong—because, as discussed above, it did not credit his testimony that he was "ever even ... a member of an unregistered Catholic Church." (AR 000004.) The BIA also noted that Jiang's parents have remained in China without meeting harm, implying that, even if Jiang were able to demonstrate a subjective fear of returning, this fact would undermine the objective reasonableness of that fear. *See Lie v. Ashcroft,* 396 F.3d 530, 537 (3d Cir.2005).

In his brief, Jiang argues that there was no basis for the BIA to infer that he would not be harmed if forced to return to China from the fact that his parents have remained in China unharmed because there is no evidence in the record that his parents' religious activities were as extensive or as public as his. As noted above, however, the BIA's brief discussion of his parents' recent experience in China was not the primary basis for its decision to affirm the IJ's conclusion that Jiang failed to establish a well-founded fear of future persecution. Therefore, even assuming that

---

2. Although Jiang refers to his detention by school security officers as an "arrest," the IJ clarified that the individuals who allegedly detained him were not affiliated with the government.

the BIA erred in this respect, we see no reason to disturb the BIA's determination that Jiang failed to meet his burden of proof on his future persecution claim.

We have considered Jiang's remaining arguments and conclude that they are without merit. Therefore, we will deny the petition for review.[3]

Joseph S. Grubb, Karen Lantz, Esq., John C. Snyder, Esq., Office of United States Attorney, Wilmington, DE, for Appellee.

Edson A. Bostic, Esq., Keir Bradford, Esq., Daniel I. Siegel, Esq., Office of Federal Public Defender, Wilmington, DE, for Appellant.

Before: SLOVITER, ROTH, and TASHIMA,* Circuit Judges.

---

**3.** The BIA construed a document that Jiang submitted in conjunction with his administrative appeal as a motion to remand, and consolidated it with his appeal pursuant to 8 C.F.R. § 1003.2(c)(4). Jiang does not challenge the Board's construction of this document, or its decision to consolidate it with his

administrative appeal, in his appeal to this Court.

